Sabita J. Soneji (Bar No. 224262)
ssoneji@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808

Counsel for Plaintiff and the Proposed Class

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GAYLE BROWNLEE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INSTRUCTURE HOLDINGS INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gayle Brownlee ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, brings this Class Action Complaint against Defendant Instructure Holdings, Inc. ("Instructure," "Canvas," or "Defendant"), and alleges the following upon personal knowledge as to Plaintiff and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1. This is a class action arising out of a massive and preventable data breach affecting the Canvas learning management platform ("Canvas LMS"), a web-based educational software platform used by schools, colleges, and universities throughout the United States.[1]

[1] *See* Instructure, *Canvas*, https://www.instructure.com/canvas (last accessed May 12, 2026)

2. Canvas LMS is used by millions of students, teachers, administrators, and educational institutions for coursework, assignments, grading, communications, file storage, scheduling, and other educational functions.[2]

3. To use Canvas LMS, students and educational institutions were required to provide Defendant with highly sensitive personally identifiable information ("PII"), including names, email addresses, student identification numbers, telephone numbers, grades, assignments, academic records, communications, and other sensitive educational information.

4. On or around April 29, 2026, cybercriminals associated with the hacker group known as "ShinyHunters" gained unauthorized access to Defendant's systems and exfiltrated sensitive information belonging to millions of Canvas users.[3]

5. Defendant subsequently acknowledged additional unauthorized activity associated with the same incident on or around May 7, 2026.[4]

6. According to public reporting and Defendant's own disclosures, the compromised data included, at minimum, names, email addresses, student identification numbers, and private communications between users.

7. Public reporting further indicated that approximately 275 million records associated with nearly 9,000 schools, universities, and educational platforms worldwide may have been impacted.[5]

---

[2] *Id.*

[3] De Guzman, Chad, *What to Know About the Canvas Cyberattack That's Affected Thousands of Schools*, Time (May 8, 2026), https://time.com/article/2026/05/08/canvas-cyber-attack-shinyhunters-hack-what-to-know.

[4] *See* Instructure, *Security Incident Update & FAQs*, https://www.instructure.com/incident_update (last accessed May 12, 2026).

[5] *Id.*

8. The stolen information is highly valuable to cybercriminals and creates substantial risks of identity theft, phishing attacks, educational fraud, impersonation, and other misuse.

9. Defendant knew or should have known that educational data and student records are prime targets for cybercriminals and that its systems required robust cybersecurity protections.[6]

10. Despite these known risks, Defendant failed to implement and maintain reasonable security safeguards, failed to adequately monitor its systems, failed to timely remediate vulnerabilities, and failed to adequately protect Plaintiff's and Class Members' PII.

11. Plaintiff brings this action individually and on behalf of all similarly situated persons whose PII was compromised in the Data Breach.

12. Plaintiff seeks damages, restitution, declaratory relief, injunctive relief, attorneys' fees, costs, and all other relief available at law or in equity.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action in which: (a) there are more than 100 Class Members; (b) at least one Class Member is a citizen of a state different from Defendant; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

14. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in California, purposefully availed itself of conducting activities within California, and caused injuries to persons residing in this District.

[6] Mallet, Gus, *Study: Cyberattacks Against US Education Sector Are on the Rise*, Tech.Co (September 8 2025), https://tech.co/news/cyberattacks-us-education-sector-rise.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's claims occurred in this District. Plaintiff resides in this District, used the Canvas LMS platform in this District, provided personally identifiable information to Defendant in this District, and suffered injuries arising from the Data Breach in this District. Defendant also regularly conducts business within this District.

## PARTIES

16. Plaintiff Gayle Brownlee is a citizen and resident of Berkeley, California. Plaintiff has been a student at San Mateo Community College since approximately August 2024. In connection with her coursework and enrollment, Plaintiff used Canvas LMS in the Northern District of California and provided personally identifiable information to Defendant through the Canvas platform while residing and studying in this District.

17. Plaintiff's personally identifiable information was accessed, compromised, stolen, or exposed as a result of the Data Breach, and Plaintiff suffered resulting injuries in the Northern District of California.

18. Had Plaintiff known Defendant would fail to adequately protect Plaintiff's PII, Plaintiff would not have entrusted Defendant with such information.

19. Defendant Instructure Holdings, Inc. is a Delaware corporation with its principal place of business in Salt Lake City, Utah.

20. Defendant develops, owns, operates, maintains, markets, and controls the Canvas LMS platform.

## FACTUAL ALLEGATIONS

### A. Defendant Collects and Stores Sensitive Student Information

21. Defendant collects and stores substantial amounts of sensitive personal information from students, teachers, administrators, and educational institutions.

22. The information collected and maintained by Defendant includes names, email addresses, telephone numbers, student identification numbers, grades, assignments, communications, schedules, academic records, uploaded files, and other educational information.

23. Defendant also stores private communications between students, professors, administrators, advisors, and support personnel.

24. Some communications hosted on Canvas may include highly sensitive information concerning medical conditions, disabilities, accommodations, counseling, disciplinary matters, mental health issues, and Title IX matters.

25. Defendant knew the information it collected and stored was highly sensitive and valuable.

26. Defendant represented to users that it would safeguard their information and maintain appropriate security protections.

27. Defendant published privacy policies and public statements representing that it employed reasonable measures to protect users' information from unauthorized access and disclosure.[7]

**B. The Canvas Data Breach**

28. On or around April 29, 2026, unauthorized actors gained access to Defendant's systems.[8]

[7] *See* Product Privacy Notice, Instructure, accessible at https://www.instructure.com/policies/product-privacy-policy (last visited May 12, 2026).
[8] *See* FN 3, *supra.*

29. According to public reporting, hackers exploited vulnerabilities associated with the Canvas platform.[9]

30. According to public reporting, the hacker group ShinyHunters claimed responsibility for the attack.

31. Public reporting further indicated that hackers obtained approximately 6.65 terabytes of data associated with thousands of educational institutions.[10]

32. The compromised data reportedly included names, email addresses, student identification numbers, phone numbers, and private messages.[11]

33. Defendant subsequently acknowledged additional unauthorized activity associated with the same incident.[12]

34. Upon information and belief, the compromised data has been or will be disseminated, sold, traded, or otherwise distributed on criminal marketplaces or the dark web.

35. The stolen data creates substantial risks of identity theft, phishing attacks, impersonation, fraud, educational fraud, and other misuse.

36. The Data Breach also caused substantial disruption to educational services and interfered with students' ability to access coursework, assignments, examinations, grades, and communications.

**C. Defendant Failed to Implement Reasonable Security Measures**

---

[9] *See* FN4, *supra*.

[10] *See* A.J. Vicens, *Schools Reach Out to Canvas Hackers As Breach Hits U.S. Classrooms, Source Says*, Reuters (May 8, 2026); see also Deeba Ahmed, *ShinyHunters' Instructure Canvas LMS and Vimeo Breaches Impact Millions of Users*, Hackread (May 2026).

[11] *See* ABC10, *Hackers Breach Canvas Learning Platform, Exposing Data on Millions of Students and Teachers* (May 2026); Rachel Treisman, *Canvas is Back Online, But Questions—and Final Exam Disruptions—Linger*, NPR (May 8, 2026).

[12] *See* FN 4, *supra.*

37. Defendant knew or should have known that cybercriminals regularly target educational institutions and educational technology providers.

38. Defendant also knew or should have known that the information it maintained was highly valuable and sensitive.

39. Despite these known risks, Defendant failed to implement and maintain reasonable cybersecurity measures.

40. Upon information and belief, Defendant failed to implement reasonable cybersecurity safeguards, including, but not limited to:

a. a. encrypting sensitive information;

b. implementing adequate access controls;

c. employing multi-factor authentication;

d. monitoring systems for suspicious activity;

e. segmenting critical systems;

f. timely patching known vulnerabilities;

g. training employees regarding cybersecurity threats;

h. maintaining appropriate intrusion detection systems;

i. conducting adequate security testing;

j. maintaining reasonable incident response procedures; and

k. otherwise complying with industry-standard cybersecurity practices.

41. Defendant failed to comply with industry standards and best practices, including guidance issued by the Federal Trade Commission (“FTC”), the National Institute of Standards and Technology (“NIST”), and other recognized cybersecurity authorities.

42. Defendant failed to implement safeguards appropriate to the sensitivity and volume of the information it maintained.

43. Defendant's failures directly and proximately caused the Data Breach.

**D. Defendant Knew Educational Data Was a Prime Target**

44. Educational institutions and educational technology providers have increasingly become targets of cyberattacks.

45. Defendant knew or should have known that student records, educational records, and associated personal information are highly valuable to cybercriminals.

46. Defendant further knew or should have known that cybercriminals routinely exploit vulnerabilities in educational platforms.

47. Defendant had previously experienced cybersecurity incidents and was aware of other attacks affecting educational technology providers.

48. Despite these known risks, Defendant failed to take adequate measures to secure Plaintiff's and Class Members' information.

**E. Plaintiff and Class Members Suffered Harm**

49. As a result of the Data Breach, Plaintiff and Class Members have suffered and continue to suffer injuries.

50. Plaintiff and Class Members face an imminent, substantial, and ongoing risk of identity theft and fraud.

51. Plaintiff and Class Members have suffered loss of privacy.

52. Plaintiff and Class Members have suffered diminution in the value of their PII.

53. Plaintiff and Class Members have spent and will continue to spend time and money mitigating the harms associated with the Data Breach.

54. Plaintiff and Class Members have experienced anxiety, emotional distress, and concerns regarding the misuse of their information, including fears of phishing attacks, impersonation, and misuse of educational accounts and records.

55. Plaintiff and Class Members have spent and will continue to spend time and effort monitoring accounts, securing educational and online credentials, changing passwords, reviewing suspicious communications, and taking other mitigation measures in response to the Data Breach.

56. The compromised information includes sensitive educational records and communications that may contain private academic information, disciplinary matters, disability and accommodation information, counseling-related communications, and Title IX-related information.

57. Plaintiff and Class Members face substantial risks of educational fraud, account misuse, impersonation, and unauthorized access to academic and personal accounts because their information remains in the possession of cybercriminals.

## CLASS ALLEGATIONS

58. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) on behalf of the following proposed class:

## NATIONWIDE CLASS

**All persons in the United States whose personally identifiable information was compromised in the Canvas Data Breach announced in or around 2026.**

59. Excluded from the Class are:

a. Defendant and its officers and directors;

b. all members of the judiciary assigned to this matter and their immediate families; and

c. all persons who timely and validly request exclusion from the Class.

60. Plaintiff reserves the right to amend or modify the Class definition.

61. Numerosity. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, the Data Breach affected millions of individuals.

62. Commonality. Questions of law and fact common to the Class include:

a. whether Defendant had a duty to protect Plaintiff's and Class Members' PII;

b. whether Defendant failed to implement reasonable security measures;

c. whether Defendant breached duties owed to Plaintiff and Class Members;

d. whether Defendant adequately monitored and secured its systems;

e. whether Defendant failed to timely detect and respond to the Data Breach;

f. whether Defendant violated applicable laws and standards;

g. whether Plaintiff and Class Members suffered damages;

h. whether Plaintiff and Class Members are entitled to injunctive relief;

i. whether Plaintiff and Class Members are entitled to damages, restitution, or other relief.

63. Typicality. Plaintiff's claims are typical of the claims of the Class because Plaintiff's PII was compromised as a result of the same conduct affecting all Class Members.

64. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel experienced in class action and data breach litigation.

65. Predominance. Common questions predominate over any questions affecting only individual members.

66. Superiority. A class action is superior to all other available methods for fairly and efficiently adjudicating this controversy.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE
### (On Behalf of Plaintiff and the Nationwide Class)

67. Plaintiff incorporates by reference all preceding paragraphs.

68. Defendant owed duties to Plaintiff and Class Members to exercise reasonable care in collecting, storing, safeguarding, and protecting their PII.

69. Defendant knew the risks associated with collecting and storing sensitive educational records and PII.

70. Defendant breached its duties by failing to implement and maintain reasonable security measures.

71. Defendant failed to adequately monitor its systems, detect intrusions, prevent unauthorized access, and protect Plaintiff's and Class Members' PII.

72. Defendant's conduct fell below the standard of care applicable to entities maintaining sensitive educational and personal information.

73. Defendant's failures directly and proximately caused the Data Breach.

74. As a result of Defendant's negligence, Plaintiff and Class Members suffered damages and injuries, including increased risk of identity theft, mitigation expenses, loss of privacy, diminution in value of PII, emotional distress, and loss of time.

### COUNT II
### NEGLIGENCE PER SE
### (On Behalf of Plaintiff and the Nationwide Class)

75. Plaintiff incorporates by reference all preceding paragraphs.

76. Defendant owed duties under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and related industry standards and regulations governing the protection of personal information.

77. Defendant violated these duties by failing to implement reasonable data security measures.

78. Defendant's statutory and regulatory violations constitute negligence per se.

79. Defendant's violations directly and proximately caused Plaintiff's and Class Members' injuries.

**COUNT III**
**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Plaintiff and the Nationwide Class)**

80. Plaintiff incorporates by reference all preceding paragraphs.

81. Plaintiff and Class Members provided their PII to Defendant in exchange for educational platform services.

82. Implicit in the parties' relationship was Defendant's agreement to adequately safeguard Plaintiff's and Class Members' PII.

83. Plaintiff and Class Members reasonably expected Defendant to implement reasonable security measures.

84. Defendant breached the implied contract by failing to adequately protect Plaintiff's and Class Members' PII.

85. As a direct and proximate result of Defendant's breach, Plaintiff and Class Members suffered damages.

**COUNT IV**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Nationwide Class)**

86. Plaintiff incorporates by reference all preceding paragraphs.

87. Defendant obtained benefits from Plaintiff and Class Members through the collection and use of their PII.

88. Plaintiff and Class Members conferred benefits upon Defendant, including valuable data and revenue associated with Defendant's services.

89. Defendant appreciated and knowingly accepted those benefits.

90. It would be inequitable for Defendant to retain the benefits conferred while failing to adequately safeguard Plaintiff's and Class Members' information.

91. Plaintiff and Class Members are entitled to restitution and disgorgement.

**COUNT V**
**DECLARATORY AND INJUNCTIVE RELIEF**
**(On Behalf of Plaintiff and the Nationwide Class)**

92. Plaintiff incorporates by reference all preceding paragraphs.

93. Defendant continues to maintain Plaintiff's and Class Members' PII.

94. Plaintiff and Class Members face ongoing risks arising from Defendant's inadequate security practices.

95. Plaintiff seeks declaratory and injunctive relief requiring Defendant to:

a. implement adequate cybersecurity safeguards;

b. undergo independent security audits;

c. provide appropriate monitoring and identity protection services;

d. strengthen access controls and monitoring;

e. implement adequate employee training; and

f. otherwise protect Plaintiff's and Class Members' information.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that the Court:

A. Certify this action as a class action pursuant to Rule 23;

B. Appoint Plaintiff as Class Representative and appoint undersigned counsel as Class Counsel;

C. Enter judgment in favor of Plaintiff and the Class;

D. Award compensatory, consequential, statutory, and other damages;

E. Award restitution and disgorgement;

F. Award declaratory and injunctive relief;

G. Award pre-judgment and post-judgment interest;

H. Award attorneys' fees, costs, and expenses; and

I. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 13, 2026

Respectfully submitted,

*/s/ Sabita J. Soneji*

Sabita J. Soneji (Bar No. 224262)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel. 510-254-6808
ssoneji@tzlegal.com

*Counsel for Plaintiff and the Proposed Class*